[Civ. No. 11948.  First Dist., Div. One.  July 13, 1942.]

LEOLLA HUFF BALZECA, Respondent, v. CAROLYN LORENTZEN, Appellant.

George K. Ford and Simpson Finnell, Jr., for Appellant.

Edmund Gerald Brown and Harold C. Brown for Respondent.

WARD, J.—This is an appeal by defendant from an amended judgment and order of the court, following a jury verdict, awarding plaintiff the sum of $1,500 damages for personal injuries, and attorney's fees of $500. (Labor Code, § 3706.)

Respondent in performing her duties as apartment house manager for appellant was injured by a fall from a ladder while she was replacing an electric light bulb. She claims that the ladder furnished by appellant collapsed as the result of the unsafe condition in which it was maintained. Immediately after the accident, and while respondent was still lying upon the floor, appellant ascended the same ladder and completed the work of replacing the globe.

An attorney living in the apartment house called upon the Industrial Accident Commission shortly after the accident and, representing himself to be the attorney for appellant, stated that while the latter did not carry compensation insurance, she admitted liability and that she would pay respondent compensation and furnish hospital and medical care. The commission so advised the respondent by letter, sending a copy thereof to the attorney. Incidentally both the attorney and the appellant informed the commission that the matter of compensation insurance had been overlooked, and they immediately applied for its issuance. Appellant contended at the trial that she had discharged respondent six days prior to the accident; nevertheless the latter was still living in one of the apartments which was furnished her as part compensation for her services as manager, and apparently was still performing duties in connection with the house.

Appellant urges that there was prejudicial error in the refusal of the trial court to give certain specified instructions on the question of unavoidable accident; also that the record fails to show any authority on the part of the attorney (who did not represent her in the present action) to make any admissions to the commission, and that it was prejudicial error to permit officials of that body to testify to such statements, made neither at a hearing nor a trial.

■ While two of appellant's proposed instructions on the question of unavoidable accident were refused, the court, at her request, did instruct the jury in part as follows: ". . . if you find that the evidence herein shows by a preponderance thereof that defendant did use reasonable care to supply plaintiff with the ladder in question, or that plaintiff sustained the injuries by reason of her own negligence or through an unavoidable accident, then you will find a verdict for the defendant." This instruction was more favorable to appellant than she was entitled to have given. In her opening brief, she states her position as follows: "Defendant at the trial contended that it could well be inferred that the fall of plaintiff was due to an unavoidable accident. That is, considering the hazardous position that she placed herself standing on top of the ladder, requiring a steadying of her position with her hand against the wall, and with the other hand reaching upward and her head tilted toward where the bulb was to be placed." Under the provisions of Labor Code, sec. 3706, it is not a defense to an action "that the employee was

guilty of contributory negligence, or assumed the risk of the hazard complained of.'' (Labor Code, § 3708; *Hicks* v. *Ocean Shore Railroad, Inc.*, 18 Cal. (2d) 773 [117 P. (2d) 850].) Ordinarily, an instruction upon the so-called doctrine of unavoidable accident should contain a definition of the term, but in that regard our attention is called only to the following instruction, number IX, requested by appellant: ''. . . if you find that plaintiff's injury resulted from an unavoidable accident, for which no one was to blame, then this completely exonerates the defendant.'' The language is merely tautological and is no more enlightening than the matter contained in the instruction given.

▇ Appellant charges prejudicial error in permitting certain witnesses to recount statements claimed to have been made by the attorney who investigated the circumstances of the accident and, as stated, called upon the Industrial Accident Commission in appellant's behalf with relation thereto. There is testimony in the record that appellant requested the attorney to ''take care of it for me.'' The point stressed on appeal is whether the statements constituted admissions beyond the scope of the attorney's employment, and whether their admission in evidence was prejudicially erroneous. Without deciding the scope of the employment, or the attorney's authority to make the alleged statements, which were not made as a part of and during a legal proceeding (*Zurich G. A. & L. Ins. Co., Ltd.*, v. *Kinsler*, 12 Cal. (2d) 98 [81 P. (2d) 913]), the vital question is, whether authorized to make the statements or not, was the error, if any, prejudicial.

Whatever statements were made—and there is a conflict in the evidence thereon—grew out of the following circumstances: At the time of the accident appellant was subject to a penalty by reason of the fact that she did not carry compensation insurance. The attorney, her tenant, was primarily interested in helping his client avoid the penalty. He interviewed several representatives of the commission and persuaded them that her failure to carry such insurance was unintentional. In addition, on behalf of his client, he informed them, as evidenced by a letter to respondent from the office of the commission, of which a copy was furnished the attorney, ''that all your hospital and medical care and compensation due you personally will be taken care of by Mrs. Lorentzen and that she in fact has already paid a certain

amount on account of the hospital bill . . . that within a few days there will be a payment of compensation to you for lost time.'' This understanding was performed in part by appellant, who paid for hospitalization, etc. The record disclosed the following testimony given by a representative of the commission: ''A. He first referred to a conversation over the telephone that I had participated in with him, and then stated that he was acting as attorney for Mrs. Lorentzen, and that—while I cannot reproduce his exact words, he stated to the effect that she was not insured at the time of the injury to Mrs. Balzeca, but they were admitting liability, and the compensation and medical treatment was to be paid and furnished according to the provisions of the law. MR. BROWN [attorney for respondent] : Q. Did she say that Mrs. Balzeca was working for her at that time—did he say that? A. To the best of my recollection he did.''

Appellant in her brief makes the following statement: ''The witnesses . . . made it clear that at no time was the liability for negligence mentioned or discussed with either the attorney or the defendant, but that at all times the subject matter under discussion was whether or not a criminal liability would lie for failure to insure.''

That there is a difference in admitting criminal liability under compensation insurance, and liability for negligence, needs no discussion, since compensation in a case of this character is due without regard to whether the employee has been negligent. The court instructed the jury as follows: ''The liability, if any, of the defendant is entirely different from her liability under the Labor Code under which the plaintiff can recover through the Industrial Accident Commission compensation fixed by the Labor Code entirely irrespective of and independent of any question of negligence of her employer.''

■   Relative to testimony that the attorney admitted respondent was working for appellant at the time of the accident, there is a direct conflict. Regardless, however, of the statement claimed to have been made by him in this regard, there is ample evidence in the record to substantiate respondent's contention that she was at the time still in the employ of appellant.

Irrespective of the correctness or incorrectness of the admission of the evidence concerning statements made by the attorney to representatives of the Industrial Accident Com-

mission, we fail to find that appellant was prejudiced thereby.

Appellant does not contend that the evidence is insufficient to sustain the judgment. The record shows that the trial of the real issues did not result in a miscarriage of justice. (Const. of Calif. art. VI, sec. 4½.)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied August 12, 1942, and appellant's petition for a hearing by the Supreme Court was denied September 10, 1942.